**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WILLIAM HARBOUR, | : | Civil Action No. 09-1529 (MLC) |
|  | : |  |
| Plaintiff, | : | **O P I N I O N** |
|  | : |  |
| v. | : |  |
|  | : |  |
| MONMOUTH COUNTY SOCIAL SERVICES, et al., | : |  |
|  | : |  |
| Defendants. | : |  |

**APPEARANCES:**

William Harbour, Pro Se
1204 Heck Street, Apt. 2, Asbury Park, NJ 07712

**COOPER, District Judge**

Plaintiff, William Harbour, incarcerated at the Monmouth County Correctional Institution, Freehold, New Jersey, at the time he submitted this complaint, seeks to bring this action in forma pauperis, without prepayment of fees, pursuant to 28 U.S.C. § 1915.  Based on Plaintiff's affidavit of indigence, the Court will grant his application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the complaint.

The Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  For the following reasons, Plaintiff's complaint will be dismissed.

**BACKGROUND**

Plaintiff seeks to sue Ms. Mussiug, a supervisor at Monmouth County Social Services; and Elezer Silver, a Deputy Attorney General for the New Jersey Division of Youth and Family Services ("DYFS"). Plaintiff states that he went to social services and applied for a hardship extension so that he and his children could move out of his parents' home. He was denied three times "after the attack." He did not receive help from social services or DYFS. Also, he was told that his children had to stay with his mother and sister. Plaintiff lost custody of the children on March 20, 2009.

Plaintiff asks for custody of his children back, as well as for monetary relief, housing and rental assistance. He asserts that he was denied assistance because he is a single father, and that mother's rights are favored over father's rights.

**DISCUSSION**

**A.   Standard of Review**

The Prison Litigation Reform Act was enacted "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to

state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining a complaint's sufficiency, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To qualify as sufficient under the Rule 8:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to

> raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (internal citations omitted); see Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (when assessing sufficiency of complaint, the Court must distinguish factual contentions- which allege behavior on the part of defendant, that, if true, would satisfy one or more elements of claim asserted- and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements").

**B.   42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights.  To establish such a violation, a plaintiff must demonstrate that the challenged conduct (1) was committed by a person acting under color of state law and (2) deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Complaint Will Be Dismissed**.

Plaintiff alleges that he lost custody of his children, and was denied assistance, through the applicable New Jersey state process, or Monmouth County process.  As it appears that this issue has been raised in the state courts, and adjudicated, this Court will not interfere with the state process.

4

A federal district court lacks jurisdiction to directly review judgments of state courts. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). The Rooker-Feldman doctrine bars district courts from "entertain[ing] constitutional claims that have been previously adjudicated in state court or that are inextricably intertwined with a state adjudication." Whiteford v. Reed, 155 F.3d 671, 673-74 (3d Cir. 1998) (citations omitted). "A federal claim is inextricably intertwined with a prior state adjudication if 'the federal claim succeeds only to the extent that the state court wrongly decided the issues before it'". Gulla v. N. Strabane Twp., 146 F.3d 168, 171 (3d Cir. 1998) (quoting FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996)). The Rooker-Feldman doctrine applies if, to grant the plaintiff the relief sought, the federal district court must determine that the state court's decision is wrong or such relief would void the state court's ruling. See Gulla, 146 F.3d at 171; FOCUS, 75 F.3d at 840.

Plaintiff here alleges facts indicating that his complaint directly challenges the state custody ruling as to his children, and his eligibility for assistance. This Court will not disturb the state's findings. A finding by this Court in Plaintiff's favor would necessarily invalidate the state court decisions. Therefore, pursuant to the Rooker-Feldman doctrine, Plaintiff's

5

claim is not cognizable in this civil rights action.  See, e.g., Cambria County Children & Youth Servs. v. Lucas, 137 Fed.Appx. 448, 449 (3d Cir.  2005) (holding constitutional claims brought against county children services agency by father whose parental rights had been terminated in state court proceeding were barred by Rooker-Feldman doctrine).

Plaintiff has not alleged facts here indicating the extent to which his claims have been processed through the state, i.e., whether his claims have been presented to the highest state court.  See Verizon Md., Inc. v. Public Serv. Comm'n of Md., 535 U.S. 635, 644 n.3 (2002) ("The [Rooker-Feldman] doctrine has no application to judicial review of executive action, including determinations made by a state administrative agency.").  But to the extent that there is an ongoing, pending state proceeding regarding custody, Plaintiff must raise any constitutional challenges he has as to the custody decision in his state court case.  A federal court will not now intercede to consider issues that Plaintiff has an opportunity to raise before the state court.  See Younger v. Harris, 401 U.S. 37 (1971).

Younger abstention may be invoked if:

> (1) there are ongoing state proceedings that are judicial in nature;  (2) the state proceedings implicate important state interests;  and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment,

6

      or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

<u>Port Auth. Police Benevolent Ass'n v. Port Auth. of N.Y. & N.J. Police Dep't</u>, 973 F.2d 169, 173 (3d Cir. 1992).  Here, if state proceedings implicating important state interests are ongoing, then Plaintiff has the opportunity to raise any federal claims in that proceeding.

    Further, Plaintiff's allegation that mothers are treated more favorably than fathers does not state a claim upon which relief may be granted, as Plaintiff alleges no facts indicating that this conclusory statement is more than his opinion.

## CONCLUSION

    Based upon the foregoing, Plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court will issue an appropriate order and judgment.

                                       s/ Mary L. Cooper
                                       **MARY L. COOPER**
                                       United States District Judge

Dated:  August 5, 2009